IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNISHIPPERS GLOBAL LOGISTICS, LLC, a Delaware Limited Liability Company,<br><br>      Plaintiff,<br>vs.<br><br>DHL EXPRESS (USA), INC., an Ohio Corporation,<br><br>      Defendant. | ORDER DENYING MOTION TO SUSPEND INJUNCTION<br><br>Case No.  2:08CV894 DAK |

   This matter is before the court on Defendant's Motion to Suspend Injunction Pending Ruling from the Tenth Circuit on Defendant's Emergency Motion to Stay Injunction Pending Appeal.   The court declines to suspend the injunction.

   An application under Rule 62(c) of the Federal Rules of Civil Procedure is committed to the court's discretion informed by the balancing of certain factors.  *First Sav. Bank, F.S.B. v. First Bank System, Inc.*, 163 F.R.D. 612, 614 (D. Kan.1995) (citing 11 Charles A. Wright, *et al., Federal Practice and Procedure* § 2904 at 501 (1995)).

To obtain a stay or a suspension, DHL must show "(1) its strong position on the merits of the appeal; (2) irreparable injury if the stay was denied; (3) that a stay would not substantially harm other parties to the litigation; and (4) that the public interests favor a stay." *Securities Investor Protection Corp. v. Blinder, Robinson & Co., Inc.*, 962 F.2d 960, 968 (10th Cir. 1992); *see also Hilton v. Braunskill*, 381 U.S. 770, 776 (1987).  When

the other three factors strongly support the interim relief, the court may grant the stay if the movant presents a substantial case on the merits. *Hilton,* 481 U.S. at 778. The moving party bears the burden of proving these four factors. *Securities Investor Protection Corp.,* 962 F.2d at 968.

As suggested in the court's Order Granting Preliminary Injunction, the court finds that DHL has a very minimal likelihood of success on the merits, and thus that it does not present "a substantial case on the merits." *See Hilton,* 481 U.S. at 778. Moreover, while DHL may suffer injury, and perhaps even irreparable injury if the preliminary injunction is not suspended, the court finds that such injury is of DHL's own making, arising from DHL's decision to breach its Contract with Unishippers. It was DHL's decision to remove drop boxes and kiosks and to reduce its workforce as soon as it announced its cessation of domestic services. DHL presumably knew that it risked such consequences by terminating the Contract without providing the required 180-day notice to Unishippers. The court also finds that a suspension of the preliminary injunction would substantially harm Unishippers and that the public interest does not favor a granting a suspension. The injunction requires a DHL to provide a level of service to Unishippers and its franchisees and customers that is far inferior than what the parties' Contract requires. Thus, even under the preliminary injunction terms, Unishippers is suffering significant losses. Accordingly, the court finds that DHL has not satisfied its burden to obtain a suspension of the preliminary injunction.

DATED this 12th day of December, 2008.

                BY THE COURT:

                _____
                DALE A. KIMBALL
                United States District Judge