IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **UNISHIPPERS GLOBAL LOGISTICS, LLC**, a Delaware Limited Liability Company,<br><br>       Plaintiff,<br>v.<br><br>**DHL EXPRESS (USA), INC.**, an Ohio Corporation,<br><br>       Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:08cv894<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Paul M. Warner |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Dale A. Kimball pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Unishippers Global Logistics, LLC's ("Plaintiff") "Motion to Compel Production of Documents and Interrogatory Responses, Strike Improper Objections & Award Attorney's Fees."[2] The court has carefully reviewed the memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 98.

[2] *See* docket no. 96.

**BACKGROUND**

Plaintiff owns and operates a franchise system that markets and resells shipping and freight services to approximately 30,000 customers in the United States. For nearly fifteen years, Plaintiff has used DHL Express (USA), Inc. ("Defendant") to provide its express parcel service, pursuant to the parties' 1994 National Account Agreement ("1994 Agreement"), as recently amended by a Reseller Agreement ("2008 Amendment") dated October 6, 2008 (collectively, the "Agreements"). Under the Agreements, Defendant was obligated to provide domestic shipping services to Plaintiff in a manner consistent with Defendant's other customers.

Plaintiff explains that under the terms of the 1994 Agreement, neither party could terminate the contract except "in the event of a material breach" by the other party after an opportunity to cure.[3] Plaintiff asserts that based on Defendant's misconduct, misrepresentations, and omissions, Plaintiff entered into the 2008 Amendment whereby Defendant was given the right to terminate the Agreements without cause provided that it gave Plaintiff 180 days advance notice so that Plaintiff could transition its franchise system to a new carrier. Plaintiff further contends that only a month after entering into the 2008 Amendment, Defendant announced its intention to cease all U.S. domestic shipping services as of December 10, 2008, well before the expiration of the 180-day notice period. Based on this alleged breach, Plaintiff filed a complaint that asserted various breach of contract claims against Defendant.

---

[3] Docket no. 82 at 4.

After the parties exchanged discovery requests and objections, Plaintiff sent a letter dated May 27, 2009, to Defendant requesting that Defendant meet and confer regarding Defendant's objections and responses to Plaintiff's document requests. Defendant responded to this letter on June 4, and the parties held a telephonic meet and confer the following day.

During this conference, the parties discussed Defendant's objections and responses to Plaintiff's discovery, as well as proposals for both parties to collect and review electronically stored information. The parties agreed to provide the opposing party with a list of individuals whose files should be searched for responsive documents ("custodians"). Defendant identified 13 custodians for Plaintiff, and Plaintiff identified 36 custodians for Defendant. The parties agreed to produce all emails between or among the custodians and to conduct topic searches of the custodians' internal and external third-party emails. However, Plaintiff contends, Defendant refuses to image and search the network files, user files, and the hard drives of its identified custodians for responsive documents.

Plaintiff further maintains that it is entitled to discover information regarding Defendant's agreements with other resellers, including any amendments similar to the 2008 Amendment, or other actions taken against other resellers by Defendant regarding the cessation of domestic shipping service in 2008. Plaintiff argues that these documents are relevant to determining Defendant's intent and timing with respect to the termination of domestic shipping services. Plaintiff further asserts that it is entitled to those documents in order to determine whether it was being treated differently than other resellers as alleged in its breach of contract claim. In response, Defendant asserts that its agreements with other resellers are not relevant to Plaintiff's

claims against it and that it has already agreed to produce documents concerning its termination of domestic shipping.

Plaintiff further argues that Defendant's "blanket objections" should be stricken, and Plaintiff seeks to recover its attorney fees and costs incurred in bringing this motion. The court will now address each of Plaintiff's arguments in turn.

## DISCUSSION

### A. Computer Networks, User Files, and Hard Drives

As a preliminary matter, the court notes that Plaintiff failed to abide by the requirements of civil rule 37-1(b) of the United States District Court for the District of Utah Rules of Practice. This rule provides that "[m]otions to compel discovery under Fed. R. Civ. P. 37(a) must be accompanied by a copy of the discovery request, the response to the request to which objection is made, and a succinct statement, separately for each objection, summarizing why the response received was inadequate." DUCivR 37-1(b). Instead, Plaintiff made generalized arguments with citations to multiple discovery requests. The court also notes that Plaintiff filed this motion prior to receiving or reviewing Defendant's document production.

Nevertheless, Plaintiff asks this court to order Defendant to conduct relevant word searches of its custodians' user files, network drives, and individual hard drives for responsive documents. Defendant replies that to the extent that Plaintiff is demanding that Defendant search every electronic file, including files that do not contain relevant information, the court should deny Plaintiff's motion. Defendant further contends that Plaintiff's motion is premature because Defendant has "committed to collecting and reviewing all of the emails for each of the

4

custodians" and "to collect[ing] all other electronic files from sources known to contain non-duplicative relevant information."[4] Plaintiff argues that this is insufficient because it allows Defendant "to be the one to decide whether or not such documents exist in electronic form, and whether or not they are relevant."[5]

The court concludes that Plaintiff's argument is without merit. It is axiomatic that a party from whom discovery is sought must determine whether it possesses relevant documents that are responsive to a particular discovery request. Furthermore, the court concludes that requiring Defendant to collect and process the entire contents of the custodians' hard drives, network drives, and user files, even though Defendant has indicated that these sources do not contain relevant nonduplicative information, is unnecessary and would be unduly burdensome to Defendant. Pursuant to rule 26(b)(2)(C) of the Federal Rules of Civil Procedure, a court "must limit the frequency or extent of discovery . . . if it determines that . . . the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). A court must also limit discovery if it determines that "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C)(iii).

---

[4] Docket no. 100 at 9.

[5] Docket no. 104 at 4.

As stated above, Defendant has informed Plaintiff that it is "committed to searching all electronic files that are known to contain non-duplicative relevant information."[6] Moreover, Alvin Rees, a member of Defendant's IT Security and Risk Management Group averred in his declaration that "in most cases, it is highly unlikely that personal hard drives will contain non-duplicative data because most electronic documents are either emailed to or by the custodian and exist in the email files."[7] Mr. Rees further declared that a survey has been issued to the custodians "to learn about their document storage practices and determine whether searching the entire contents (or some portion) of the hard drives would likely result in non-duplicative relevant data (*i.e.*, documents that would not already have been stored on, for example, a PST file because they were not emailed)."[8] The court concludes that Defendant's proposed process should be sufficient to locate and produce responsive documents. Unless and until Plaintiff can provide the court some reasonable basis for requiring Defendant to image, process, and search all of the custodians' electronic files even though Plaintiff has not yet received or reviewed Defendant's document production and Defendant asserts that these files do not contain nonduplicative information that is relevant to this case, the court declines to do so. As such, Plaintiff's motion is **DENIED** as to this issue. However, if, after reviewing Defendant's document production, Plaintiff has some articulable basis to believe that Defendant has failed to

---

[6] Docket no. 100 at 10.

[7] Docket no. 103 at 5.

[8] *Id.*

produce all requested, nonprivileged, relevant documents, Plaintiff may renew its motion at that time.

### B. Information Regarding Defendant's Other Resellers

Plaintiff moves this court to order Defendant to produce (1) its contracts with other similarly situated authorized resellers of Defendant's services, including any 2008 amendments to those contracts, and (2) documents evidencing Defendant's notices or other actions involving these resellers regarding the cessation of domestic shipping service in 2008. Plaintiff contends that these documents are relevant to determining Defendant's intent with respect to the termination of domestic services, as well as the timing of that decision. Plaintiff further maintains that these documents will demonstrate whether it was being treated differently than other resellers as it has alleged in its breach of contract claim. In response, Defendant argues that information about other resellers is not relevant to its intent or the timing of its exit from the domestic shipping market and that it has already agreed to produce documents concerning Defendant's termination of domestic shipping, including the timing of that decision. Defendant also asserts that Plaintiff is attempting to conduct a fishing expedition to support its vague allegation that Defendant was treating Plaintiff differently than its other resellers.

First, the court concludes that Defendant's contracts, including any 2008 amendments, with other resellers of comparable size and volume of business are relevant to Plaintiff's claims in this matter. In its second amended complaint, Plaintiff alleges that Defendant "breached the parties' contract by . . . failing to provide [Plaintiff] with the lowest available rates" as required

7

by the 1994 Agreement.[9] The court concludes that this allegation is sufficient enough to allow discovery into Defendant's contracts with other comparable resellers. Plaintiff is not required to prove that some other reseller has gotten a lower rate in order to discover the requested documents. That said, Plaintiff is not entitled to discover every reseller contract entered into by Defendant; it may discover only those of comparable size and volume of business. In Plaintiff's requests for production of documents numbers 12 and 13, Plaintiff seeks Defendant's "agreements with the other authorized resellers of [Defendant's] services in the United States, including but not limited to Worldwide Express, United Shipping Solutions, Express One, Freight Savers, Express Logistics, Inxpress, Global Tranz, and Costco," including "all 2008 amendments."[10] Because there is no evidence before the court to suggest that these resellers have a comparable volume of business, the court will not rule on this issue at this time. Therefore, the court strongly urges the parties to attempt to stipulate as to which resellers are comparable to Plaintiff without court intervention.

Second, because Defendant has indicated that it will "produce documents specifically concerning [Defendant's] termination of domestic shipping, including the timing of [its] decision," Defendant is not required to produce documents evidencing its notices or other actions against the other resellers regarding the cessation of domestic shipping service in 2008.[11] *See*

---

[9] Docket no. 82 at 13; *see also* docket no. 97, exhibit 2, at §2.05 ("[Defendant] guarantees that no other reseller will have equal or lower rates for comparable volume of business.").

[10] Docket no. 97, exhibit 5 at 12-13.

[11] Docket no. 100 at 12.

Fed. R. Civ. P. 26(b)(2)(C)(i) ("[T]he court must limit the frequency or extent of discovery otherwise allowed . . . if it determines that . . . the discovery sought is unreasonably cumulative or duplicative."). As such, Plaintiff's motion with respect to the documents of other resellers is **GRANTED** as to the contracts and 2008 amendments and **DENIED** as to the notices or actions against the other resellers regarding the cessation of domestic shipping service in 2008.

### C. Blanket Objections

The court concludes that Plaintiff's request to strike Defendant's "blanket objections" is without merit. As such, Plaintiff's motion is **DENIED** as to this issue.

### D. Attorney Fees and Costs

Both parties seek their attorney fees and costs associated with bringing or defending against this motion. Because Defendant's objections were "substantially justified" and the court is granting in part and denying in part Plaintiff's motion, the court has determined that each party shall bear its own costs and attorney fees. *See* Fed. R. Civ. P. 37(a)(5).

### CONCLUSION

In summary, **IT IS HEREBY ORDERED** that Plaintiff's motion to compel is **GRANTED IN PART AND DENIED IN PART** as follows:

(1) Plaintiff's motion is **DENIED** as to Plaintiff's request to collect and process the entire contents of the custodians' hard drives, network drives, and user files. However, after receiving and reviewing Defendant's document production, Plaintiff may renew its motion should Plaintiff have some articulable basis to believe that Defendant has failed to produce all requested, nonprivileged, relevant documents.

(2) Plaintiff's motion is **GRANTED** as to Plaintiff's request for Defendant's contracts and any 2008 amendments with other resellers of comparable size and volume of business to that of Plaintiff.

(3) Plaintiff's motion is **DENIED** as to Plaintiff's request to discover notices or actions against other resellers regarding the cessation of domestic shipping service in 2008.

(4) Plaintiff's motion is **DENIED** as to its request to strike Defendant's objections to its requests for production of documents.

(5) Within twenty (20) days of the date of this order, Defendant shall produce to Plaintiff all responsive discovery it previously agreed to produce, as well as the agreed upon contracts with other resellers as set forth above.

(6) Each party to bear its own costs and attorney fees.

**IT IS SO ORDERED.**

DATED this 12th day of October, 2009.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge