# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| UNISHIPPERS GLOBAL LOGISTICS, LLC, a Delaware Limited Liability Company,<br>                    Plaintiff,<br>vs.<br><br>DHL EXPRESS (USA), INC., an Ohio Corporation,<br><br>                    Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:08CV894 DAK |

       This matter is before the court on Defendant DHL Express (USA) Inc.'s ("DHL") Motion to Dismiss in which DHL seeks dismissal of the second cause of action (rescission) alleged in the Second Amended Complaint. A hearing was held on July 21, 2009. At the hearing, Plaintiff Unishippers Global Logistics, LLC ("Unishippers") was represented by Lewis M. Francis and Preston Frischknecht. Defendant DHL was represented by Christopher Ruhland and Blaine Benard. The court has carefully considered the memoranda and other materials submitted by the parties. Since taking the matter under advisement, the court has further considered the law and facts relating to this motion. The court has also considered (1) Plaintiff's Notice of Filing Re: Defendant's Pending Motion to Dismiss, filed on September 3, 2009; and (2) DHL's Response to Plaintiff's Notice of Filing Fe: Defendant's Pending Motion to Dismiss, filed on September 8, 2009. Now being fully advised, the court renders the following Memorandum Decision and Order.

**BACKGROUND**

Unishippers alleges that DHL and Unishippers are parties to a National Account Agreement dated September 21, 1994, which was originally entered into by Airborne Freight Corporation and Unishippers Association, Inc. (the "National Account Agreement" or the "Agreement"), DHL's and Unishippers' predecessors under the Agreement. DHL and Unishippers amended the National Account Agreement pursuant to a Reseller Agreement dated October 6, 2008 (the"Reseller Agreement"). The Reseller Agreement amended the National Account Agreement to expressly permit Unishippers to offer the shipping services of another carrier. In exchange, Unishippers gave DHL the right to terminate the parties' contract without cause on 180 days advance notice to Unishippers. The original Agreement could be terminated only for cause and otherwise extended through 2017.

In its Second Amended Complaint, Unishippers has alleged a breach of contract claim and also a claim for rescission. The rescission claim is based on Unishippers' contention that (1) DHL fraudulently induced Unishippers into amending the National Account Agreement because, at the time of amendment, DHL already secretly planned to discontinue its domestic shipping service; and (2) DHL breached an essential part of the bargain, which destroys the entire contract.

In the instant motion, DHL has moved to dismiss Unishippers' rescission claim. First, DHL contends, Unishippers cannot state a claim for rescission because the court cannot restore the parties to the position they were in before they entered the Reseller Agreement (the "Agreement"). Specifically, DHL argues that Unishippers took full advantage of the Agreement when it was in its interest to do so, and the law prevents Unishippers from now trying to strip DHL of its rights under the Agreement. Second, according to DHL, Unishippers fails to allege

facts–and cannot allege facts–sufficient to state a claim for rescission. And third, DHL argues that the rescission claim relates directly to DHL's rates, routes, and services and therefore is preempted by the ADA and FAAAA.

## DISCUSSION

The court concludes that Unishippers' rescission claim must be dismissed because Unishippers has taken advantage of the Reseller Agreement by entering into an agreement for domestic shipping with United Parcel Services ("UPS"), and therefore, the court cannot restore the parties to their original position. Rescission is permitted only where it is possible to return the parties to the status quo that existed before the agreement was formed. *See Klas v. Van Wagoner*, 829 P.2d 135, 139 (Utah Ct. App. 1992); *Mazzoni Farms, Inc. v. E.I. DuPont de Nemours Co.*, 761 So. 2d 306, 313 (Fla. 2000) ("a contract will not be rescinded even for fraud when it is not possible for the opposing party to be put back into his pre-agreement status"); *Bass v. Farish*, 616 So. 2d 1146, 1147 (Fla. Dist. Ct. App. 1993) (affirming dismissal of rescission claim where it was not possible to return the parties to pre-agreement status).

According to DHL, if the court were to rescind the Reseller Agreement, Unishippers would have received its primary benefit under the Reseller Agreement – a benefit that cannot be returned. While Unishippers concedes that restoration to the status quo is not possible, it contends that rescission is still appropriate where the equities between the parties can be balanced. *See Turner v. Fitzsimmons*, 673 So.2d 532, 535 (Fla. Ct. App. 1996) (affirming court's denial of rescission but recognizing that "where restoration to the status quo is impossible, a court may still grant rescission provided the equities between the parties can be balanced. . . .");

*Braman Dodge, Inc. v. Smith*, 515 So.2d 1053, 1054 (Fla. Ct. App. 1987) (same). But here, the court finds that the equities between the parties cannot be adequately balanced, and the rescission claim must therefore be dismissed.

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that DHL Express (USA), Inc.'s Motion to Dismiss is GRANTED. Unishippers' Second Cause of Action (rescission) is DISMISSED.

DATED this 26th day of October, 2009.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge