IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNISHIPPERS GLOBAL LOGISTICS, LLC, a Delaware Limited Liability Company,<br>                Plaintiff,<br>vs.<br>DHL EXPRESS (USA), INC., an Ohio Corporation,<br>                Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:08CV894 DAK |

This matter is before the court on Unishippers' Motion to Dismiss DHL's Counterclaims and on Defendant DHL Express (USA) Inc.'s ("DHL") Motion to Amend Scheduling Order. A hearing was held on March 12, 2010. At the hearing, Plaintiff Unishippers Global Logistics, LLC ("Unishippers") was represented by Timothy C. Houpt. Defendant DHL was represented by D. Barclay Edmundson and Blaine J. Benard. The court has carefully considered the memoranda and other materials submitted by the parties. Since taking the matter under advisement, the court has further considered the law and facts relating to this motion. Now being fully advised, the court renders the following Memorandum Decision and Order.

### UNISHIPPERS' MOTION TO DISMISS DHL'S COUNTERCLAIMS

In DHL's Counterclaim, which was filed on October 9, 2009, it asserted claims against Unishippers for breach of contract, account stated, and open account, which are based on Unishippers' alleged failure to pay invoices for at least $11,259,037 worth of shipping services provided by DHL.

In the instant motion to dismiss, Unishippers argues that DHL's counterclaims are based on the erroneous premise that Unishippers is liable for DHL shipping fees incurred by the Unishippers Franchisees (the "Franchisees"). According to Unishippers, it never agreed to guarantee payment for shipping fees incurred by the Franchisees – and there is no provision in the agreement that requires Unishippers to pay DHL if a franchisee defaults on its own payment obligations. Unishippers contends that it liable only for the shipping fees it incurred on its own DHL account number – which fees, it claims, are paid in full. As a result, Unishippers argues that DHL's breach of contract counterclaim fails, as a matter of law, and DHL's remaining "account stated" and "open account" counterclaims also lack any legal basis because they depend upon the viability of its contract claim.

DHL, on the other hand, argues that the agreement requires Unishippers to pay for all shipments made pursuant to the agreement. Under the reseller agreement, DHL claims, Unishippers is a co-obligor with the Franchisees.

The court finds DHL's claims to be without merit. The contract language specifically and unambiguously states that ***[DHL] agrees to bill and collect from USA Franchisees directly***." National Account Agreement §§ 12.01 and 12.02 (emphasis added). While there are provisions that would *permit* Unishippers to bail out a Franchisee, nothing in the agreement states that Unishippers is responsible for the payment.

Unishippers also claims that it does not owe DHL anything on its own account and that DHL's attempt to claim otherwise is a misrepresentation to the court. Because this is a Motion to Dismiss and the court must therefore accept as true DHL's allegations–and because DHL did not concede that Unishippers' own account was up to date–this court cannot dismiss these

counterclaims as they relate to Unishippers' own account (and not to the Franchisees' accounts). If Unishippers is correct that it owes no money on its own account, DHL should immediately file a stipulated motion to dismiss the counterclaims as they relate to Unishippers' own account.

### DHL'S MOTION TO AMEND SCHEDULING ORDER

DHL seeks a modification to the Third Amended Scheduling Order that would allow each party to propound up to an additional 25 document requests. DHL also seeks an order directing Unishippers to respond to 16 of DHL's document requests, to which Unishippers has objected on the grounds that DHL has exceeded its 75 document allowance. Unishippers opposes this request and claims that the court previously denied DHL's request when it "deconsolidated" the cases.

Contrary to Unishippers' position, the court made no such ruling in the deconsolidation order. Because the cases were deconsolidated, there was no apparent need for the court to rule on this issue.

Given the scope of this case, the court finds that each party is entitled to 25 additional document requests. Also, Unishippers is directed to respond to the 16 document requests that DHL previously propounded (Request numbers 76-91 in DHL's Second Set of Requests for Production within fourteen days. Because the discovery deadline has already passed (on April 1, 2010), the parties are directed to attempt to negotiate a new Scheduling Order, but no deadline shall be moved by more than two months beyond its current deadline. Counsel should contact the court to schedule a new trial date.

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that Unishippers' Motion to Dismiss DHL's Counterclaim [Docket # 126] is GRANTED in part and DENIED in part. DHL's counterclaims are DISMISSED to the extent those claims were based on any Franchisee obligation to DHL. The claims are not dismissed to the extent that Unishippers owes any amount on its own account to DHL. DHL is directed to immediately dismiss these counterclaims if Unishippers' contention is accurate that it does not owe any money on its own account.

DHL Express (USA), Inc.'s Motion to Amend Scheduling Order [Docket # 160] is GRANTED. Each party may propound up to 25 additional document requests. In addition, the parties are directed to attempt to negotiate a new Scheduling Order. No deadline shall be moved more than two months beyond its current deadline, and counsel should contact the court to schedule a new trial date.

DATED this 29th day of April, 2010.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge