Timothy C. Houpt (USB #1543)
Lewis M. Francis (USB #6545)
Billie J. Siddoway (USA #9710)
JONES, WALDO, HOLBROOK & McDONOUGH
170 South Main Street, Suite 1500
Salt Lake City, Utah 84101
Telephone: (801) 521-3200
Fax: (801) 328-0537
thoupt@joneswaldo.com
lfrancis@joneswaldo.com
bsiddoway@joneswaldo.com

*Attorneys for Plaintiff Unishippers Global Logistics, LLC*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNISHIPPERS GLOBAL LOGISTICS, LLC, a Delaware Limited Liability Company,<br><br>     Plaintiff,<br><br>vs.<br><br>DHL EXPRESS (USA), INC., an Ohio Corporation,<br><br>     Defendant. | **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER LIMITING FACT DISCOVERY & PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES**<br><br>Civil No. 2:08-CV-894<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Paul M. Warner |

Plaintiff Unishippers Global Logistics, LLC ("Unishippers") hereby submits the following memorandum in opposition to the Motion For Protective Order Limiting Fact Discovery To The Parties' Agreement [Doc. 214], filed by defendant DHL Express (USA), Inc. ("DHL"). Pursuant to Federal Rules of Civil Procedure 26 and 27, Unishippers also requests an

937304.1

award of its attorney's fees and costs incurred in responding to DHL's frivolous motion, and for the continued delay caused by its actions.

## INTRODUCTION

Despite the fact that the Court entered a new Scheduling Order on May 21, 2010, extended the fact discovery cutoff until July 7, 2010, and moved the trial date to February 28, 2011, DHL has refused to respond to Unishippers' final written discovery requests, or to allow it to conduct its last two depositions. Having obtained what it wanted -- i.e. more discovery and more time -- DHL now wants to keep Unishippers from completing its own discovery in the case. There is no support for DHL's position. Moreover, its assertion that the parties had a prior oral agreement to contravene the Court's May 21st Scheduling Order has no legal or factual basis. As a result, DHL should be ordered to 1) immediately respond to Unishippers' interrogatories and documents requests, 2) produce the noticed witnesses for their depositions, and 3) reimburse Unishippers for the attorney's fees and costs it has incurred as a result of DHL's indefensible position.

## FACTS

1. On April 29, 2010, the Court issued a Memorandum Decision and Order [Doc 186]. In that Order, the Court granted Unishippers' motion to dismiss DHL's payment counterclaims, and also granted DHL's motion to amend the Scheduling Order to allow for more written discovery. A copy of the Court's April 29th Order is attached hereto as Exhibit "A".

2. Unishippers had opposed DHL's motion to amend the Scheduling Order again, because of its continued delays in this case, and because Unishippers wanted to keep its

937304.1

November 8, 2010 trial date, which had already been continued once before. See Unishippers' January 11, 2010 Opposition to DHL's Motion For Amended Scheduling Order [Doc. 150].

3. In fact, DHL had previously requested another continuance of the trial date in its December 23, 2009 Motion For An Amended Scheduling Order [Doc. 143], which the Court denied in its January 26, 2010 Order Re: Scheduling Issues and Deconsolidation of Case No. 2:09VC221 [Doc. 154].

4. Instead, the Court entered the Third Amended Scheduling Order requested by Unishippers, which preserved the November 8, 2010 trial date, and required the parties to complete discovery by April 1, 2010. See Third Amended Scheduling Order, dated January 27, 2010 [Doc.155], a copy of which is attached hereto as Exhibit "B".

5. Pursuant to the terms of the Third Amended Scheduling Order, each party was entitled to conduct 10 depositions, and to serve 75 Interrogatories and 75 document requests. See Exhibit B.

6. As a result of the Court's January 26th Order, both DHL and Unishippers rushed to complete fact discovery by the April 1, 2010 deadline -- which entailed reviewing over a million pages of documents, and traveling across the country multiple times to conduct numerous depositions.

7. As of April 1, 2010, DHL had already conducted ten (10) depositions of Unishippers employees and third parties. See Declaration of Lewis M. Francis, ¶ 10, filed herewith ("Francis Decl.")

8. In addition, DHL had also served Unishippers with seventy-five (75) Interrogatories and ninety-four (94) documents requests. See Unishippers' March 29, 2010

Responses To DHL's Third Set of Interrogatories and Document Requests, attached hereto as Exhibit "C".

9. In contrast, as of April 1, 2010, Unishippers was only able to complete eight (8) depositions, and had only served DHL with forty-nine (49) Interrogatories and seventy-five (75) document requests. See Francis Decl., ¶ 14. Moreover, three (3) of the eight people deposed by Unishippers were DHL's designees to its Rule 30(b)(6) deposition notice. Id. at ¶ 12.

10. In its April 29th Order, the Court ruled that <u>both</u> parties would be entitled to conduct an additional twenty five (25) document requests (for a total of 100), and that the scheduling order dates would be extended by not more than two (2) months. See April 29th Order, p. 3, at Exhibit "A". The Court also directed the parties "to attempt to negotiate a new Scheduling Order", and "to contact the Court to schedule a new trial date." Id.

11. Following entry of the April 29th Order, Unishippers and DHL's counsel discussed coming to an agreement on an amended Scheduling Order, but were unable to do so. See Francis Decl. ¶ 18.

12. On May 7, 2010, Unishippers responded to DHL's document request numbers 76-94. See Unishippers Responses to DHL's Document Request Nos. 76-94, attached hereto as Exhibit "D".

13. On May 18, DHL moved the Court to amend the Scheduling Order to extend the fact discovery cutoff date to June 1, 2010, and to move the trial date to May 9, 2011. See DHL Request for Entry of Fourth Amended Scheduling Order [Doc. 197] and DHL's proposed order [197-2].

937304.1

14. In doing so, DHL represented to the Court "that there should be a two month continuance of all dates in the scheduling order and a new trial date," and that "Unishippers has no basis for objecting to additional fact discovery". DHL's Request For Fourth Amended Scheduling Order, p. 5 [197].

15. Unishippers opposed DHL's requested extension of the Scheduling Order, as it wanted to keep its 2010 trial date. See Unishippers' May 19, 2010 Response to DHL's Request for Entry of Fourth Amended Scheduling Order [Doc. 198], and Unishippers' proposed order.[1]

16. On May 21, 2010, the Court entered its Fourth Amended Scheduling Order, in which it extended the fact discovery cutoff to July 7, 2010, increased the number of document requests to 100 per side, and moved the trial date to February 28, 2011. See Fourth Amended Scheduling Order, attached hereto as Exhibit "E".

17. On June 4, 2010, Unishippers served DHL with its last set of interrogatories and document requests. See Plaintiffs' Fifth Set of Interrogatories and Sixth Set of Document Requests to Defendant, a copy of which are attached hereto as Exhibit "F" ("Unishippers' Final Requests").

18. Unishippers' Final Requests do not exceed the limits contained in the Court's Fourth Amended Scheduling Order. As demonstrated therein, Unishippers has served DHL with a total of 59 Interrogatories, and 100 document requests. See Final Requests, at Ex. F.

---

[1] Moving other dates would potentially affect the November 8, 2010 trial date, because of the Court's required five (5) months between the dispositive motion cutoff and trial.

937304.1

19. Unishippers also served a number of third-party document subpoenas to England Logistics, Federal Express, Worldwide Express, United Shipping Solutions, and Express One. See Returns of Service, on file herein.[2]

20. DHL did not object to the issuance of any of those subpoenas, despite the fact that it was given advance notice of their issuance. See June 4, 2010 Notice of Issuance of Subpoenas, attached hereto as Exhibit "G".

21. Unishippers also served third-party subpoenas on two former DHL employees, Karen Jones and Hans Hickler, for depositions to take place in Florida on June 28th and 29th, 2010. See Unishippers' June 11th Deposition Notices, at Exs. D and E to Declaration of DHL's counsel, Khai LeQuang [Doc. 216-4, 5]; Returns of Service, on file herein.

22. On June 21, 2010, DHL's counsel informed Unishippers that that it would not respond to Unishippers' Final Requests. See June 21, 2010 Email from Khai LeQuang to Lewis Francis, attached hereto as Exhibit "H".

23. Unishippers counsel informed DHL's counsel that it would be seeking sanctions against DHL for refusing to comply with its discovery obligation. See June 21, 2010 email from Lewis Francis to Khai LeQuang, at Exhibit "H"; Francis Decl., ¶ 33.

24. DHL's counsel also informed Unishippers that it represents Ms. Jones and Mr. Hickler, and that it would not be producing those individual for their noticed depositions. See Francis Decl. ¶ 34

---

[2] Three of these subpoenas were to obtain rate information from other DHL resellers, which information DHL long ago agreed to produce to Unishippers, but has still failed to do so.

937304.1

## ARGUMENT

### I. UNISHIPPERS IS ENTITLED TO COMPLETE ITS WRITTEN DISCOVERY AND DEPOSITIONS

DHL's Motion for a Protective Order should be denied, and DHL ordered to immediately respond to Unishippers' final written discovery, and to produce the last two (2) witnesses for their depositions. Unishippers' requested discovery is specifically permitted by the Fourth Amended Scheduling Order, and is needed to complete the preparation of its case. Moreover, there is no agreement between the parties contravening the terms of the Courts' Order.

#### A. Unishippers' Discovery Is Permitted By the Amended Scheduling Order

On May 21, 2010, the Court entered its Fourth Amended Scheduling Order, whereby it extended the discovery cutoff through July 7, 2010, and continued Unishippers' trial date until February 28, 2011. Unishippers had opposed DHL's efforts to further delay this case, and to keep Unishippers' November 8, 2010 trial date, but was unsuccessful in doing so.

Having got what it wanted – more written discovery, extended discovery deadlines, and yet another continued trial date -- DHL now wants to keep Unishippers from completing its own discovery. There is simply no basis for DHL's position, which is completely contrary to the Scheduling Order.

Per its express terms, Unishippers is entitled to serve DHL with 75 Interrogatories and 100 Document Requests. See Fourth Amended Scheduling Order, at Ex. E. In fact, DHL already served Unishippers with 75 interrogatories and 94 document requests, to which Unishippers has already responded. Unishippers likewise entitled to conduct it allowed written discovery from DHL, and it is absurd to claim otherwise.

7

937304.1

Per the Scheduling Order, Unishippers is also entitled to conduct 10 depositions in this case, just like DHL was entitled to (and did). As of April 1, 2010, when the original discovery cutoff passed, Unishippers had only conducted eight (8) depositions. The persons deposed were 1) Charles Brewer; 2) Chris Fris, 3) Ian Clough, 4) Berk Clare, 5) Hank Gibson, 6) David Vernon; 7) Gerald Cameron, and 8) Doug Thomas. See Francis Decl. ¶ 10.[3]

In refusing to allow Unishippers' noticed depositions of DHL's former employees Karen Jones and Hans Hickler, DHL first asserted that Unishippers had already conducted its ten depositions. See June 21st Email from Khai LeQuang, at Ex. H. Apparently, now recognizing that was not true, DHL is now trying to double count the depositions which Unishippers did take, claiming that the 30(b)(6) deposition of DHL should be counted separately -- bringing Unishippers' total depositions to nine. However, three of the witnesses deposed by Unishippers were DHL's Rule 30(b)(6) designees, Chris Fris, Charles Brewer, and Berk Clare, and Unishippers did not separately depose those employees as individuals. See Francis Decl., ¶ 12.

Consequently, DHL's 30(b)(6) deposition should not be counted separately from those depositions (or those 3 depositions should be counted as 1). If DHL's contrary position were correct, then DHL could have designated ten different employees to testify as its Rule 30(b)(6) designees, thereby precluding Unishippers from taking any other depositions. That makes no sense, and the Fourth Amended Scheduling Order should not be so interpreted.

In light of the foregoing, Unishippers is entitled to responses from DHL to its remaining written discovery, and to take its last two depositions.

---

[3] In contrast, DHL deposed Unishippers' executives Dan Lockwood and Kevin Lathrop each twice – first for a full day each as Unishippers' 30(b)(6) designees, and then later for another day as individuals. See Francis Decl., ¶ 10.

937304.1

**B.      Unishippers' Remaining Discovery Is Not Duplicative or Burdensome**

DHL also claims that Unishippers' remaining discovery is duplicative of discovery already done, and/or simply intended "to harass and burden DHL and its former employees". DHL provides no support for this position, and nothing could be further from the truth.

**1.      Unishippers' Final Written Discovery**

In its final written discovery requests, Unishippers seeks information and documents relating to a number of issues for which discovery was not previously completed. For example, Unishippers has asked DHL to provide evidence of the amounts it alleges are still owed by Unishippers, as directed in the Court's April 29, 2010 Order granting Unishippers' motion to dismiss DHL's counterclaim. See Unishippers' Final Requests, Interrogatory No. 50, and RFP No. 76, at Ex. F; April 29, 2010 Order, p. 2; DHL Counterclaims [Doc. 118]. Unishippers also asked for information regarding the DHL shipping volumes for Costco, Walgreens and Office Max -- which DHL put into dispute as part of its opposition to Unishippers' April 27, 2010 Motion to Compel Reseller Rate Information. See Interrogatory Nos. 52-54, and RFP Nos. 82-84. In addition, Unishippers asked for copies of prior testimony and expert reports from DHL's expert, Dr. Greg Hallman, whom Unishippers has not yet deposed. See RFP Nos.77-78. In addition, Unishippers has served DHL with specific interrogatories and document requests based on information and/or issues raised during its March 2010 depositions of DHL's employees. See Interrogatory Nos. 55-59, RFP Nos. 85-100; Francis Decl., ¶ 23.

9

937304.1

Consequently, Unishippers needs DHL's interrogatory responses and the requested documents to complete the preparation of its case, and there is no factual basis for DHL's assertions to the contrary.

### 2. Unishippers' Last Two Depositions

Unishippers also needs to depose DHL's former employees Karen Jones and Hans Hickler. These two witnesses were directly involved in the matters at issue. See Francis Decl. ¶ 27-28. Moreover, neither witness lives in Utah, and are therefore not subject to the Court's trial subpoena power. Id. at ¶ 30. As a result, Unishippers can only guarantee that their testimony will be available if their depositions are taken. Id. Finally, certain important documents have not been identified by other DHL witnesses, and Unishippers need to lay the foundation for their use as exhibits at trial. Id. at ¶ 31.

Karen Jones was the DHL's Marketing Director, who helped create its false "messaging" campaign in 2008, which was designed to keep Unishippers and others from discovering DHL's intention to cease providing U.S. shipping services. See Karen Jones' March and September 2008 emails and "messaging" documents, at Exhibit "I". Unishippers needs to depose Ms. Jones regarding the DHL marketing materials she created, and her knowledge of DHL's actual plans at the time. See Francis Decl. ¶ 27. In addition, Unishippers also needs to question Ms. Jones regarding the DHL 2008 marketing flyer which contradict its secret plans to exit the U.S. See DHL's 2008 "Competition: Bad for Them--Good For You" flyer, at Exhibit "J". Contrary to DHL's assertions, Unishippers has not deposed any other member of DHL's marketing team.

Unishippers also needs to depose Mr. Hans Hickler, who was DHL's C.E.O in 2007 and the first half of 2008. Mr. Hickler made numerous representations both to Unishippers and the

10

public of DHL's continued commitment to the U.S. market, despite the fact that discovered document now show that DHL had already starting planning to cease U.S. domestic shipping in late 2007. See Francis Decl. ¶ 28. Mr. Hickler was replaced as DHL's C.E.O. in the summer of 2008, and is no longer employed by DHL. Unishippers is entitled to depose Mr. Hickler regarding his knowledge of DHL's plans, the truthfulness of the representations he made to Unishippers and other resellers, and the reason for his removal as DHL's C.E.O. a few months before it announced that it was pulling out of the U.S.

In sum, Unishippers' needs to conduct these last two depositions in order to complete the preparation of its case, and to ensure that all of the relevant evidence is before the Court.

### C. There Is No Agreement Contravening the Court's Scheduling Order

DHL also claims that there was a prior oral agreement with Unishippers' counsel not to do any more fact discovery – except of course for certain areas in which DHL wished to continue. Moreover, DHL claims that this supposed agreement occurred on May 4, 2010 – three weeks before the Court even entered its Fourth Amended Scheduling Order. Unishippers' denies DHL's claimed agreement, which is also contradicted by the parties' own actions.

While Unishippers and DHL's counsel did attempt to agree upon the terms of a new Scheduling Order following the Court's April 29th Order, they were unable to do so. See Francis Decl., ¶ 18. As a result of that failure, DHL and Unishippers each requested that the Court enter their own form of amended scheduling order. See Docket Nos. 197-198. In doing so, both parties sought to extend the fact discovery cutoff date. Id. However, and contrary to DHL's assertions, neither Unishippers nor DHL referenced any limitations on remaining fact discovery in their proposed amended scheduling orders. See id. Even more tellingly, DHL represented to

937304.1

the Court "that there should be a two month continuance of all dates in the scheduling order and a new trial date," and that "Unishippers has no basis for objecting to additional fact discovery". DHL's Request For Fourth Amended Scheduling Order, p. 5 [197].

Consequently, there was no agreement to limit the remaining fact discovery as claimed by DHL.[4] In contrast, that is why each party tried to get its preferred amended scheduling order entered. In the end, the Court rejected both proposed orders, and entered its own Fourth Amended Scheduling Order, extending the fact discovery cutoff and other scheduling dates even longer than DHL or Unishippers had proposed.

As a result, Unishippers is entitled to proceed based on the express terms of the Court's Fourth Amended Scheduling Order, and there is no factual or legal basis for ruling otherwise.

## II. UNISHIPPERS SHOULD BE AWARDED ITS FEES AND COSTS INCURRED AS A RESULT OF DHL'S BASELESS MOTION

Finally, Unishippers should be awarded its fees and costs incurred from having to respond to DHL's baseless motion, as provided in Rules 26(c)(3) and 37(a)(5)(B) of the Federal Rules of Civil Procedure.

Once again, DHL has shown that it will go to great lengths to avoid complying with its discovery obligations -- even when they are clearly provided for in the Court's Scheduling Order. Of course, this is part of DHL's overall effort to delay the resolution of this case as long as it can, and to make it as difficult and expensive as possible for Unishippers to get its claims to trial. DHL's improper and dilatory conduct should not be rewarded. Instead, it should be

---

[4] DHL also asserts that it somehow "relied" on the alleged oral agreement. However, DHL had already taken its allowed ten depositions, and had already served its last written discovery requests.

937304.1

ordered to pay Unishippers' fees and costs incurred from being required to respond to this motion, and for DHL's continued delay in the completion of discovery.

## CONCLUSION

In light of the foregoing, DHL's Motion for a Protective Order should be denied. In contrast, DHL should be ordered to immediately respond to Unishippers' final interrogatories and documents requests, and to produce Karen Jones and Hans Hickler for their depositions. In addition, Unishippers should be awarded the attorney's fees and costs it has incurred.

Dated this 1st day of July, 2010.

JONES, WALDO, HOLBROOK & MCDONOUGH

/s/ Lewis M. Francis
Timothy C. Houpt
Lewis M. Francis
Billie J. Siddoway
*Attorneys for Plaintiff Unishippers Global Logistics, LLC*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 1st day of July, 2010, I caused to be served via the Court's ECF electronic filing system the foregoing **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER LIMITING FACT DISCOVERY & PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES**, and to the following:

> George M. Haley
> george.haley@hro.com
> Blaine J. Benard
> blaine.benard@hro.com
> HOLME ROBERTS & OWEN LLP
> 299 South Main Street, Suite 1800
> Salt Lake City, Utah 84111
>
> Barclay Edmundson
> bedmundson@orrick.com
> Edwin V. Woodsome, Jr.
> ewoodsome@orrick.com
> Christopher S. Ruhland
> cruhland@orrick.com
> Khai LeQuang
> klequang@orrick.com
> ORRICK, HERRINGTON & SUTCLIFFE, LLP
> Attorneys for DHL Express (USA), Inc.
> 777 S. Figueroa Street, Suite 3200
> Los Angeles, California 90017-5855
>
> Patrick McGoey
> *patrick@swemlaw.com*
> Kyle Schonekas
> *kyle@swemlaw.com*
> SCHONEKAS WINSBERG EVANS & MCGOEY LLC
> 650 Poydras St., Suite 2105
> New Orleans, Louisiana 70130

/s/ Lewis M. Francis

937304.1

Unishippers Global Logistics, LLC
v.
DHL Express (USA), Inc., an Ohio corporation

Case No. 2:08-CV-894

Judge Dale A. Kimball
Magistrate Judge Paul M. Warner

*Unishippers' Opposition to Defendant's Motion for Protective Order Limiting Fact Discovery & Plaintiff's Request for Attorney's Fees Filed June 30, 2010*

A. Memorandum Decision and Order

B. Third Amended Scheduling Order

C. Unishippers' Responses to DHL's Third Set of Interrogatories & Document Requests

D. Unishippers' Responses to DHL's Document Request Nos. 76-94

E. Fourth Amended Scheduling Order

F. Plaintiffs' Fifth Set of Interrogatories & Sixth Set of Document Requests to Defendant

G. Notices of Issuance of Document Subpoena to Worldwide Express; USS Logistics, LLC; Express One; Federal Express Corporation

H. June 21, 2010 emails between Lewis Francis and Khai LeQuang

I. Karen Jones' March and September 2008 emails and "messaging" documents - Filed Under Seal

J. DHL's Competition flyer

937594v1