Timothy C. Houpt (USB #1543)
Lewis M. Francis (USB #6545)
Billie J. Siddoway (USB #9710)
JONES, WALDO, HOLBROOK & McDONOUGH
170 South Main Street, Suite 1500
Salt Lake City, Utah  84101
Telephone:  (801) 521-3200
Fax: (801) 328-0537
thoupt@joneswaldo.com
lfrancis@joneswaldo.com
bisiddoway@joneswaldo.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNISHIPPERS GLOBAL LOGISTICS, LLC, a Delaware Limited Liability Company,<br><br>    Plaintiff,<br><br>vs.<br><br>DHL EXPRESS (USA), INC., an Ohio Corporation,<br><br>    Defendant. | **DECLARATION OF LEWIS M. FRANCIS IN OPPOSITION TO DHL'S MOTION FOR A PROTECTIVE ORDER**<br><br>Civil No. 2:08-CV-894<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Paul M. Warner |

I, Lewis M. Francis, state the following based on my personal knowledge:

    1.    I am over 18 years of age, and if called as a witness, I would competently testify to all the facts set forth in this declaration, which is submitted in opposition to the Motion For A Protective Order Limiting Fact Discovery filed by defendant DHL Express (USA), Inc. ("DHL").

2.	I am the attorney for plaintiff Unishippers Global Logistics, LLC ("Unishippers"), and have so represented Unishippers since the inception of this case in November of 2008.

3.	I am a shareholder with Jones Waldo Holbrook & McDonough, and have been practicing in the field of commercial litigation for over fifteen (15) years.

4.	DHL has continuously refused and/or delayed in complying with its discovery obligations, including but not limited to delaying for many months in producing documents which DHL already agreed to produce.

5.	As a result of DHL's delays, Unishippers has had to repeatedly postpone scheduled depositions of DHL witnesses because it had not received the relevant documents. In addition, the Scheduling Order has been repeatedly amended because of DHL's discovery delays, and Unishippers' trial date has been continued twice.

6.	Unishippers has done everything in its power to move the case along so that it can present its claims at trial. In contrast, DHL has done everything it can to delay the case, and to make it as difficult, time-consuming, and expensive for Unishippers as possible.

7.	DHL requested a continuance of Unishippers' trial date in its December 23, 2009 Motion For An Amended Scheduling Order, which the Court denied in its January 26, 2010 Order Re: Scheduling Issues and Deconsolidation of Case No. 2:09CV221.

8.	Instead, the Court entered Unishippers' Third Amended Scheduling Order, which preserved the November 8, 2010 trial date, and required the parties to complete discovery by April 1, 2010.

9. As a result of the Court's January 2010 decision, both DHL and Unishippers rushed to complete fact discovery by the April 1, 2010 deadline -- which entailed reviewing over a million pages of documents, and traveling across the country multiple times to conduct numerous out-of-state depositions.

10. As of April 1, 2010, DHL had already conducted ten (10) depositions of Unishippers' employees and third parties. Those depositions included 1) Dan Lockwood, 2) Kevin Lathrop, 3) Tricia Pannier, 4) Joe Curtis, 5) Steve Leavitt, 6) Tom Westbrook, 7) Ted Zeigler, 8) Mark Rudel, 9) Carl Loge, and 10) a separate 30(b)(6) deposition of Unishippers. In fact, DHL conducted two full-day depositions of both Dan Lockwood and Kevin Lathrop, the first as Unishippers' 30(b)(6) deposition designees on March 2-3, 2010, and then again as individual depositions on March 16-17, 2010.

11. In contrast, as of April 1, 2010, Unishippers had only been able to complete eight (8) depositions, which included 1) Charles Brewer, 2) Chris Fris, 3) Berk Clare, 4) Hank Gibson, 5) Ian Clough, 6) David Vernon, 7) Gerald Cameron, and 8) Doug Thomas. Two of these depositions, those of Ian Clough and Hank Gibson, were only half-day depositions.

12. Out of those eight persons deposed by Unishippers, three were DHL's Rule 30(b)(6) deposition designees – Chris Fris, Charles Brewer, and Berk Clare. See Notice of 30(b)(6) Deposition of Defendant DHL Express (USA), Inc., attached hereto as Exhibit 1; November 9, 2009 letter from Khai LeQuang regarding DHL's 30(b)(6) Designees, at Exhibit 2.

13. Unlike DHL, Unishippers did not conduct separate depositions of those three DHL employees as individuals.

14. As of April 1, 2010, Unishippers had only served DHL with 49 Interrogatories and 75 document requests (in keeping with the Scheduling Order limit of the time).

15. Unishippers had not done all of the discovery it wanted by the original April 1, 2010 deadline, but was interested in keeping its November 8, 2010 trial date from getting continued again.

16. However, in response to a motion filed by DHL, the Court ruled on April 29, 2010 that both parties would be entitled to conduct additional fact discovery, and that the scheduling order dates would be extended by not more than two months. In granting DHL's motion, the Court directed the parties to attempt to negotiate a new Scheduling Order, and to contact the Court to schedule a new trial date.

17. Following receipt of the Court's April 29th Order, I spoke with DHL's counsel, Khai LeQuang, on May 4, 2010 in an attempt to agree upon a new Amended Scheduling Order.

18. While we briefly discussed additional fact discovery in the case -- including Mr. LeQuang's assertion that DHL would need to continue deposing Mr. Lockwood and Mr. Lathrop -- we were unable to come to an agreement on the terms of an amended scheduling order.

19. Consequently, on May 7, 2010, I prepared and filed a request with the Court for a scheduling conference to determine a new scheduling order.

20. On May 18, 2010, DHL moved the Court to amend the Scheduling Order to extend the fact and expert discovery cutoff dates, and to move the trial date to May 9, 2011.

21. On May 19, 2010, Unishippers opposed DHL's requested amendment, and submitted its own proposed Amended Scheduling Order.

937368v1

22. On May 21, 2010, the Court entered its own Fourth Amended Scheduling Order, in which it extended the fact discovery cutoff to July 7th, 2010, increased the number of document requests to 100 per side, and moved the trial date to February 28, 2011.

23. Consequently, on June 4, 2010, I prepared and served DHL with Unishippers' last set of interrogatories and document requests. In those written discovery requests, Unishippers seeks information and documents relating to a number of issues identified during Unishippers' March 2010 depositions of DHL's current and former employees. Given the prior April 1, 2010 cutoff, Unishippers was previously unable to conduct that written discovery.

24. Unishippers also served a number of third-party document subpoenas to England Logistics, Federal Express, Worldwide Express, United Shipping Solutions, and Express One. Three of these subpoenas were to obtain DHL rate information from other resellers, which information DHL long ago agreed to produce to Unishippers, but continuously delayed and failed to do so. The other two subpoenas related to assertions by DHL's expert that there was no evidence that Fed Ex would have entered into a reseller agreement with Unishippers or anyone else, even if DHL had informed Unishippers of its plans to pull out of the U.S. domestic shipping market.

25. DHL did not object to the issuance of any of those third-party subpoenas, despite the fact that Unishippers gave DHL advance notice of their issuance.

26. Unishippers also served June 7, 2010 subpoenas on two former DHL employees, Karen Jones and Hans Hickler, for depositions to take place in Florida on June 28th and 29th, 2010. These two witnesses were directly involved in the matters at issue in this case.

5

937368v1

27.     Karen Jones was DHL's Marketing Director who helped create the "messaging" campaign designed to keep Unishippers and others from discovering DHL's plan to cease providing U.S. shipping services.

28.     Hans Hickler was DHL's C.E.O. in 2007 and the first half of 2008.  During that time, Mr. Hickler made repeated representations both to Unishippers and other resellers of DHL's continued commitment to the U.S. market and its reseller relationships, despite the fact that documents obtained during discovery demonstrate that DHL had already started planning its cessation of U.S. shipping in November of 2007.

29.     Unishippers needs the requested written discovery and remaining two depositions to complete the preparation of its claims for trial, which was postponed by the Fourth Amended Scheduling Order to February 28, 2010.

30.     In fact, the only way that Unishippers can be assured of presenting the testimony of Karen Jones and Hans Hickler is through conducting their depositions, as they do not live in Utah, and are not subject to the Court's trial subpoena power.

31.     In addition, Unishippers needs to be able to lay the foundation for a number of documents prepared by and/or received by those two DHL employees, so that such exhibits can be admitted at trial.

32.     On June 21, 2010, DHL's counsel Khai LeQuang informed me by email that DHL would not respond to Unishippers' final written discovery requests.

33.     I informed Mr. LeQuang that DHL's position was baseless, and that Unishippers would seek to recover its attorney's fees and costs if DHL would not comply with its discovery obligations.

937368v1

34.     Mr. LeQuang also informed me in a subsequent telephone conversation his law firm also represented Ms. Jones and Mr. Hickler, and that it would not be producing those individuals for their noticed depositions.

I declare, under penalty of perjury under the laws of the State of Utah, that the foregoing is true and correct to the best of my knowledge

DATED this  1st  day of July, 2010.

                                                /s/ Lewis M. Francis
                                               (Copy bearing signature of attorney maintained in office of filing attorney)

937368v1

**CERTIFICATE OF SERVICE**

I hereby certify that on the  1st  day of July, 2010, I caused to be served via the Court's ECF electronic filing system the foregoing DECLARATION OF LEWIS M. FRANCIS IN OPPOSITION TO DHL'S MOTION FOR A PROTECTIVE ORDER, to the following:

>George M. Haley
>george.haley@hro.com
>Blaine J. Benard
>blaine.benard@hro.com
>HOLME ROBERTS & OWEN LLP
>299 South Main Street, Suite 1800
>Salt Lake City, Utah 84111
>
>Barclay Edmundson
>bedmundson@orrick.com
>Edwin V. Woodsome, Jr.
>ewoodsome@orrick.com
>Christopher S. Ruhland
>cruhland@orrick.com
>Khai LeQuang
>klequang@orrick.com
>ORRICK, HERRINGTON & SUTCLIFFE, LLP
>Attorneys for DHL Express (USA), Inc.
>777 S. Figueroa Street, Suite 3200
>Los Angeles, California 90017-5855
>
>Patrick McGoey
>*patrick@swemlaw.com*
>Kyle Schonekas
>*kyle@swemlaw.com*
>SCHONEKAS WINSBERG EVANS & MCGOEY LLC
>650 Poydras St., Suite 2105
>New Orleans, Louisiana 70130

/s/ Karen Richardson

937368v1