# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| **UNISHIPPERS GLOBAL LOGISTICS, LLC**, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>**DHL EXPRESS (USA), INC.**, an Ohio corporation,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:08cv894<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Paul M. Warner |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Dale A. Kimball pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is DHL Express (USA), Inc.'s ("DHL") motion for a protective order limiting fact discovery.[2] The court has carefully reviewed the memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 98.

[2] *See* docket no. 214.

**RELEVANT BACKGROUND**

On February 17, 2010, DHL filed a motion seeking to modify the Third Amended Scheduling Order to allow each party to propound up to an additional 25 document requests for a total of 100 requests. Unishippers Global Logistics, LLC ("Unishippers") opposed the motion on the grounds that DHL was merely attempting to delay the case. However, given the scope of this case, Judge Kimball granted DHL's motion and allowed the parties the additional document requests. Because the fact discovery deadline had already passed, Judge Kimball instructed the parties to attempt to negotiate a new scheduling order and to contact the court for a new trial date.[3]

In an attempt to negotiate a stipulated proposed Fourth Amended Scheduling Order, the parties exchanged a series telephone calls and emails. In those calls and emails, the parties apparently agreed that discovery could be limited to the issues that were outstanding prior to the fact discovery deadline of April 1, 2010, in the Third Amended Scheduling Order. Counsel for Unishippers also stated that he did not believe it was necessary to extend all of the deadlines by two months for some "mop-up document requests."[4]

After being informed by Judge Kimball's chambers that the earliest available first place trial setting was in May 2011, Unishippers sought to maintain the November 8, 2010 trial date. DHL requested that the court move the trial to May 2011. Because the parties were unable to agree upon a proposed Fourth Amended Scheduling Order, this court ordered each party to

---

[3] *See* docket no. 186.

[4] Docket no. 216, Exhibit A.

submit its own proposed scheduling order. After reviewing the submissions, and in consultation with Judge Kimball's chambers, this court entered a Fourth Amended Scheduling Order, which extended certain deadlines by several months. Specifically, the fact discovery deadline was extended to July 7, 2010; the expert discovery deadline was extended to September 7, 2010; the dispositive motion deadline was extended to September 25, 2010; and the trial was rescheduled to begin on February 28, 2011.[5]

Prior to the expiration of the new fact discovery deadline, Unishippers served the following additional discovery requests: two third-party deposition notices, interrogatories, and requests for production of documents. In response, DHL filed the instant motion for a protective order.

## DISCUSSION

In its motion for a protective order, DHL asserts that Unishippers breached its agreement not to engage in any fact discovery that was not already outstanding when the April 2, 2010 discovery cutoff had expired. DHL argues that by serving its new round of discovery requests, Unishippers is merely attempting to harass and burden DHL. Unishippers contends that DHL's motion should be denied because the requested discovery is timely and permitted by the Fourth Amended Scheduling Order.

The court is not persuaded by DHL's argument that Unishippers should not be allowed further fact discovery because it had previously agreed that fact discovery was essentially complete and had made that representation to the court. It is apparent to the court that

---

[5] *See* docket no. 201.

Unishippers asserted that fact discovery was essentially complete when it was urging this court to keep the November 8, 2010 trial date. Because Unishippers lost that battle and the court extended the deadlines by several months, any assertions Unishippers made in an attempt to persuade this court to maintain the November 8, 2010 trial date are no longer relevant. Furthermore, it is not lost on the court that it was DHL that originally sought to extend the deadlines in this matter and require Unishippers to respond to DHL's document requests 76 to 94. The court ruled in DHL's favor, and now DHL is asking this court not to allow Unishippers the very thing it sought (and received) for itself.

The fact discovery deadline passed on July 7, 2010. Unishippers served its discovery requests prior to that deadline. There is no provision in the Fourth Amended Scheduling Order that prohibits fact discovery beyond what was outstanding as of April 1, 2010. As such, the court **DENIES** DHL's motion for a protective order. DHL shall respond to the outstanding discovery requests by September 24, 2010. Unishippers seeks its attorney fees and costs associated with defending against this motion. Because the court is unable to conclude that DHL's motion was not "substantially justified," the court has determined that each party shall bear its own costs and attorney fees. Fed. R. Civ. P. 37(a)(5).

**IT IS SO ORDERED.**

DATED this 3rd day of September, 2010.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge