# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **UNISHIPPERS GLOBAL LOGISTICS, LLC**, a Delaware limited liability company,<br><br>  Plaintiff,<br><br>v.<br><br>**DHL EXPRESS (USA), INC.**, an Ohio corporation,<br><br>  Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:08cv894<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Paul M. Warner |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Dale A. Kimball pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Unishippers Global Logistics, LLC's ("Plaintiff") motion (1) to compel DHL Express (USA), Inc. ("Defendant") to provide requested reseller rate and historical accessorial fee information, (2) to remove the "Sensitive" designation on reseller rate documents obtained from third parties, and (3) for an award of attorney fees.[2] The court has carefully reviewed the memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 98.

[2] *See* docket no. 233.

### A. Reseller Rate and Historical Accessorial Fee Information

Plaintiff asserts that Defendant has continually delayed and/or refused to produce information regarding the shipping rates it charged Worldwide, United Shipping Solutions, and Express One (collectively, "Other Resellers") and its customary assessorial fees. Plaintiff argues that it is entitled to such information given Defendant's contractual obligation to give Plaintiff the lowest shipping rates for any reseller, as well as a 20% discount on all assessorial fees. Plaintiff contends that while it requested rate information from 2002 to 2009 for the Other Resellers, Defendant has provided only some rate documents for 2007 and 2008 and no accessorial fee information.

In response, Defendant argues that Plaintiff's motion is a waste of time because it has already produced all of the rate information and historic information regarding assessorial fees that it possesses. Specifically, Defendant asserts that it has produced its most recent 2008 rates for the Other Resellers as well as the rates for 2006 and 2007. Defendant contends that it has repeatedly informed Plaintiff that it does not possess all of the rate information for the Other Resellers dating back to 2002. Defendant further states that it has now produced its customary fees from 2003 to 2008 but that it has not been able to locate any other historical accessorial fee information.

The court cannot order Defendant to produce what it does not possess. Moreover, Plaintiff has apparently obtained the rate documents from third parties, and Defendant has now produced the customary fee amounts it charged from 2003 to 2008. As such, the court concludes that this portion of Plaintiff's motion has been rendered **MOOT**.

### B. Sensitive Designation

As noted above, Plaintiff obtained the requested rate information from the Other Resellers. Defendant, however, instructed the Other Resellers to designate those documents as "Sensitive" (attorneys' eyes only) under the protective order. Under the protective order in this case, information may be designated "Sensitive" if

> the Designating Party in good faith believes that disclosure of such Material in this case without the designation may present a risk of injury to the legitimate business interest of the Disclosing Party or any other legitimate interest . . . and [the Material] must be so proprietary or competitively sensitive that its disclosure . . . could cause irreparable competitive or other injury to one of the parties or to a competitor of one of the parties (for instance, by giving one of the parties a competitive advantage).[3]

Plaintiff contends that the rate documents obtained from the Other Resellers do not meet the requirement for a "Sensitive" designation under the protective order because the documents are no longer current. Specifically, Plaintiff argues that there is no risk of "irreparable competitive or other injury"[4] to Defendant because the Other Resellers no longer do business with Defendant, the Other Resellers are engaged in similar litigation with Defendant, and Defendant is no longer providing U.S. domestic shipping services. Plaintiff also argues that the rate information is complicated and counsel for Plaintiff requires assistance from at least some of Plaintiff's principals to analyze and compare the rate information.

---

[3] Docket no. 31 at 1.2–1.3.

[4] *Id.*

Defendant asserts that changing the designation from "Sensitive" to "Confidential" could cause it irreparable harm because Plaintiff is now a competitor of Defendant and resells the express shipping services of United Parcel Service ("UPS"), one of Defendant's largest competitors. Specifically, Defendant contends that "competitors could use this information to gain an unfair competitive advantage over [Defendant] and its resellers."[5] Defendant further argues that the "pricing information does not somehow lose its sensitive and competitive nature because [Defendant] ceased to do business with someone or because that business sued [Defendant]."[6]

The court concludes that Defendant has failed to demonstrate that allowing at least some of Plaintiff's representatives access to dated rate information is so "competitively sensitive" that its disclosure "could cause irreparable injury."[7] The most recent rate information at issue obtained from the Other Resellers is from 2008, two years ago, shortly before Defendant and the Other Resellers ceased doing business together. Further, Defendant has not explained why it believes that a "Confidential" designation would not protect disclosure of the information to third parties. Under the "Confidential" designation, Plaintiff would be prohibited from sharing such information with UPS or other third parties. Nevertheless, the court will limit the disclosure to only those one or two representatives for Plaintiff that can best aid Plaintiff's counsel in analyzing and comparing the rate information. The court will further order Plaintiff to

---

[5] Docket no. 239-4 at 7.

[6] Docket no. 239-4 at 8.

[7] Docket no. 31 at 2.

keep a log of those individuals who access the rate information. The log shall include the following information: The date and time the documents were accessed, name and title of the individual accessing the documents, and the reason for accessing the documents. The court also orders that the information may be used only for the purposes of this litigation. Accordingly, this portion of Plaintiff's motion is **GRANTED**.

### C. Attorney Fees

Both parties seek their attorney fees and costs associated with bringing or defending against this motion. Because Defendant's objection was "substantially justified," the court has determined that each party shall bear its own costs and attorney fees. Fed. R. Civ. P. 37(a)(5). Accordingly, this portion of Plaintiff's motion is **DENIED**.

### D. Conclusion

Based on the foregoing, Plaintiff's motion[8] is **GRANTED IN PART AND DENIED IN PART**.

**IT IS SO ORDERED.**

DATED this 22nd day of November, 2010.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[8] *See* docket no. 233.