# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| UNISHIPPERS GLOBAL LOGISTICS, LLC, a Delaware Limited Liability Company,<br>    Plaintiff,<br>vs.<br>DHL EXPRESS (USA), INC., an Ohio Corporation,<br>    Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:08CV894 DAK |

This matter is before the court on the parties' Motions in Limine. A hearing was held on July 1, 2011. At the hearing, Plaintiff Unishippers Global Logistics, LLC ("Unishippers") was represented by Timothy C. Houpt and Lewis M. Francis. Defendant DHL Express (USA), Inc., was represented by George M. Haley and Christopher S. Ruhland. Before the hearing the court had carefully considered the memoranda and other materials submitted by the parties. Since taking the motions under advisement, the court has further considered the law and facts relating to these motions. Now being fully advised, the court renders the following Memorandum Decision and Order.

**A. Unishippers' Motions in Limine and Response to DHL's Objection**

Unishippers' had filed two motions in limine: (1) Motion to Exclude the Testimony of Undisclosed Witnesses; and (2) Motion in Limine Re: DHL Payment Claims. As discussed at the hearing, DHL has withdrawn its opposition to these motions.[1] Accordingly, these two

---
[1] *See* Docket No. 385.

motions in limine are granted.

In addition to the two motions, Unishippers also filed a response to DHL's objection, found in the Stipulated Pretrial Order, to Unishippers' use of testimony from certain high-level DHL employees and 30(b)(6) corporate designees, whose depositions were taken in related lawsuits against DHL.

As a general rule, such testimony will be permitted. As discussed at the hearing, Unishippers will designate the witnesses whose testimony it seeks to use at trial, along with the specific portions of the respective deposition transcripts. If DHL objects to specific designated testimony, it will raise the objections at trial, and the court will rule on the objections at that time.

**B.  DHL's Motions in Limine**

Through the briefing on DHL's motions in limine, it has become apparent that the parties have quite divergent notions about the subject matter of the upcoming trial. On one hand, DHL believes that, because the court has ruled that it breached the 180-day notice of termination provision, the trial is solely – or at least primarily–about damages resulting from that breach. DHL's position is that damages are limited to lost profits during the 180-day notice period.

Unishippers, however, has a much broader view of the triable claims and damages, noting that while the court has granted summary judgment in Unishippers' favor on one breach of contract claim, there are several others remaining for the jury to decide. According to Unishippers, if the jury finds in Unishippers' favor on these claims, the jury will also determine damages stemming from these breaches. Moreover, Unishippers points out that the National Account Agreement did not contain a "termination without cause provision" and had a termination date of September 20, 2017. Unishippers contends that DHL should be equitably

estopped from asserting that this 180-day termination period limits its damages to this time period because of DHL's alleged bad-faith conduct in securing that provision in the Reseller Agreement. Thus, Unishippers argues that it should be permitted to seek damages through September 20, 2017.

The court agrees with Unishippers that it may present such evidence and argument to the jury, and the jury will be asked whether DHL is equitably estopped from asserting that the 180-day notice provision of the October 6, 2008 Reseller Agreement limits Unishippers' damages for DHL's alleged breaches of contract. *See, e.g., Blackhurst v. Transamerica Ins. Co.*, 699 P.2d 688, 691 (Utah 1985) (listing the elements of equitable estoppel); *Celebrity Club, Inc. v. Utah Liquor Control Comm'n*, 602 P.2d 689, 694 n.10 (Utah 1979); *CECO Corp. v. Concrete Specialists, Inc.*, 772 P.2d 967, 969-70 (Utah 1989); *Eldredge v. Utah State Retirement Bd.*, 795 P.2d 671, 675 (Utah Ct. App. 1990).

The court will now address each of DHL's motions in limine in light of this ruling.

**1.  DHL'S MOTION IN LIMINE NO. 1 RE: DAMAGES EVIDENCE**

DHL seeks an order precluding Unishippers from introducing any evidence, testimony, or argument regarding claims for lost profits beyond the 180-day notice period in the October 6, 2008 Reseller Agreement, or in the alternative, beyond the 365-day customer transfer period in Unishippers' October 22, 2008 contract with United Parcel Service. DHL's termination notice was dated November 10,2008, and the damages period cannot extend beyond May 9, 2009.

Unishippers argues that it would be legally and equitably wrong to enforce a damage limitation clause that was negotiated in bad faith. In other words, Unishippers contends, had

DHL had not breached its express covenant of good faith to Unishippers, there would not have been a Reseller Agreement Amendment to the parties' longstanding 1994 National Account Agreement (and therefore no180-day termination without cause provision).

DHL's motion is denied. Unishippers may present evidence and argument to the jury that DHL breached the express covenant of good faith and that DHL should be equitably estopped from asserting that the 180-day notice provision of the October 6, 2008 Reseller Agreement limits Unishippers' damages for DHL's alleged breaches of contract and, as a result, that Unishippers it is entitled to damages through September 20, 2017. DHL may, of course, present evidence and argument to the contrary.

**2.     DHL'S MOTION IN LIMINE *NO. 2 RE: PURPORTED MISREPRESENTATIONS TO PLAINTIFF***

For the reasons discussed above, this motion is denied.

**3.     DHL'S MOTION IN LIMINE NO. 3 RE: HANK GIBSON'S DECEMBER 18, 2007 EMAIL**

DHL contends that Hank Gibson's December 18, 2007 email is irrelevant to the issues remaining for trial and that, if this email is not excluded, that it should be heavily redacted. Unishippers, on the other hand, argues that this email is highly probative of Unishippers' claims for breach of contract.

DHL's motion is denied. DHL may present its evidence and arguments pertaining to this email to the jury, but the email will not be excluded, nor will the court direct Unishippers to redact the email.

**4.     DHL'S MOTION IN LIMINE NO. 4 RE: PAROLE EVIDENCE**

Initially, DHL sought an order precluding Unishippers from introducing any parol

evidence regarding the meaning of various terms of the National Account Agreement, except for the meaning of the word "comparable," contained in section 2.05 of the National Account Agreement. Through the briefing of this motion, DHL clarified that was in agreement with Unishippers that there were other terms that the court has previously found to be ambiguous and that it merely seeks a ruling that no extrinsic evidence on contract terms is admissible unless and until the court rules that the term at issue is ambiguous.

The court will permit extrinsic evidence on terms that previously have been found to be ambiguous and on terms that the court rules are ambiguous as they arise at trial. The court also agrees with Unishippers that some extrinsic evidence will be relevant and necessary to prove Unishippers' allegations of DHL's bad faith conduct. Accordingly, DHL's motion is granted in part and denied in part.

5. **DHL's Motion in Limine No. 5 to Exclude Evidence of Litigation Reserves and Other Privileged Documents**

DHL seeks an order precluding Unishippers from introducing any evidence, testimony, or argument regarding privileged documents that DHL inadvertently produced in this action and has attempted to claw back pursuant to the Stipulated Protective Order. In particular, it seeks documents reflecting DHL's litigation reserves relating to this and other actions that are protected from disclosure by the attorney-client privilege and the attorney work product doctrine.

Unishippers argues that many of the documents at issue are not privileged, that, as to some documents, the claimed privilege was waived when DHL failed to object to the use of such documents at depositions and, more recently, when DHL did not object to any of the documents on Unishippers' exhibit list.

At the hearing, the parties agreed that they would exchange exhibit lists and confer about any claims of privilege. The parties will seek court rulings on particular documents if necessary. To the extent there is any dispute about documents relating to litigation reserves, the court finds that such documents are privileged, irrelevant, or unduly prejudicial to DHL and therefore, such documents will not be admissible at trial.

6. **DHL's Motion in Limine No. 6 Re: References to Other Resellers and Other Lawsuits involving DHL**

DHL seeks to preclude evidence of disputes and litigation involving other resellers and customers, claiming that such evidence has no relevance to this case or Unishippers' relationship with DHL. Unishippers, on the other hand, argues that it is necessary to use other resellers to show, for example, that DHL failed to give Unishippers the lowest reseller rates, as required by Section 2.05 of the National Account Agreement. In addition, Unishippers contends that it subpoenaed reseller rates from other resellers because DHL would not produce it. Consequently, and unless DHL is willing to stipulate to the other resellers' rate information, Unishippers argues that it will at least have to put other reseller representatives on the stand to testify regarding the rates. Unishippers also claims that evidence from other resellers will help demonstrate DHL's alleged bad faith conduct and is also relevant to undermine DHL's affirmative defenses in this case because, according to Unishippers, DHL's continued domestic service for certain customers proves that it would not have been "impossible" or "impracticable" for DHL to provide the continuing services to Unishippers under the agreement.

DHL's motion is denied. The court agrees with Unishippers that evidence from and references to other resellers is relevant and admissible. The court emphasizes, however, that

Unishippers should use such evidence only to the extent necessary to provide context and to prove its claims. Evidence of jury verdicts from other similar lawsuits against DHL will not be permitted, nor will improper 404(b) evidence.

**7.     DHL'S MOTION IN LIMINE NO. 7 RE: FRANCHISEE DAMAGES**

DHL seeks an order precluding Unishippers from introducing at trial any evidence or argument related to alleged damages or losses suffered by Unishippers' franchisees. DHL argues that such evidence is not relevant to any of the claims or defenses in this case, and would only serve to waste time, confuse the jury, and unfairly prejudice DHL.

In the instant lawsuit, Unishippers is not seeking to recover the damages DHL allegedly caused Unishippers' Franchisees, but Unishippers argues that evidence of the effects of DHL's actions on the Franchisees is necessary to prove Unishippers' liability and damages claims. For example, Unishippers argues that because Unishippers' profits are received as a percentage of the Franchisees' profit margin, there is an obvious relationship between them and that evidence of the Franchisees' revenues and profitability is also relevant to Unishippers' claims that it was overcharged by DHL on reseller rates and accessorial fees. Unishippers also argues that such evidence is relevant to Unishippers' need for a secondary shipper because of White Space and the requested clarification from DHL in that regard.

The court agrees with Unishippers that some evidence of Franchisee damages is necessary for Unishippers to attempt to prove its claims and damages. Unishippers has represented to the court that it has listed no more than four witnesses on this subject, and the court trusts that Unishippers will not attempt to use this evidence gratuitously, simply to inflame

the jury.

8. **DHL'S MOTION IN LIMINE NO. 8 RE: PROJECT LOCUST**

DHL seeks to preclude Unishippers from introducing any evidence, testimony, or argument regarding "Project Locust." DHL contends that because Unishippers has not claimed damages tied to project known internally at DHL as "Project Locust," evidence regarding Project Locus is irrelevant and would create a substantial danger of unfair prejudice, confusion of the issues, or misleading of the jury. Additionally, DHL argues that Unishippers' damages expert does not express any opinion regarding damages Unishippers allegedly suffered due to any purported contacts between DHL and any alleged customer who previously shipped with DHL and who may have been associated with a Unishippers franchisee. Because, according to DHL, Unishippers has not disclosed any information regarding any purported damages it has allegedly suffered as a result of DHL's purported contacts with anyone, this evidence must be excluded.

Unishippers, however, argues that DHL's Project Locust is directly relevant to Unishippers' claims that DHL tried to steal its international customers following announcement of DHL's then-secret plan to cease providing U.S. domestic shipping services.

DHL's motion on this issue is granted. Unishippers has not identified any specific evidence that DHL contacted any customers who previously shipped using DHL through a Unishippers franchisee as part of this project, nor has it identified any damages associated with this alleged breach. Thus, evidence relating to Project Locust will not be admitted.

9. **DHL'S MOTION IN LIMINE NO. 9 RE: EVIDENCE OF THE TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION ISSUED BY THE COURT**

DHL seeks an order precluding Unishippers from introducing at trial any evidence or

argument relating to the temporary restraining order issued by the court in this case on November 21, 2008, the preliminary injunction entered by the court on December 9, 2008, all related orders of the court, and any preliminary findings of fact or conclusions of law issued in connection with those orders.

It does not appear that there is an actual dispute about this motion. Unishippers does not oppose excluding evidence or argument about the preliminary findings or legal rulings contained Temporary Restraining Order and/or Preliminary Injunction previously issued by the court. Unishippers takes issue with the broad language used in this motion, which seeks to exclude "any evidence or argument *relating* to the temporary restraining order issued by the court . . . ." The court agrees with Unishippers that DHL's motion is too broad to support a blanket ruling granting the motion, but the parties appear to agree on the main issue raised by the motion, and any evidence or argument about the court's findings or rulings contained in the motions seeking injunctive relief will not be admissible.

### C. E<small>XCLUSIONARY</small> R<small>ULE</small>

At the trial of this matter, the Exclusionary Rule will apply, and therefore no witness will be allowed to sit in the courtroom until after they have been excused as a witness. Each party, however, is permitted to have a corporate representative sit at counsel table during the trial.

### CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1)  Unishippers' Motion to Exclude the Testimony of Undisclosed Witnesses [Docket No.

308] is GRANTED. DHL withdrew its opposition to the motion;[2]

(2) Unishippers' Motion in Limine RE: DHL Payment Claims [Docket No. 309] is GRANTED. DHL withdrew its opposition to the motion;[3]

(3) DHL's Objection to Unishippers' use of testimony from certain high-level DHL employees and 30(b)(6) corporate designees, whose depositions were taken in related lawsuits, is OVERRULED at this juncture. After the specific deposition testimony has been designated by Unishippers, DHL may object to specific testimony;

(4) DHL'S Motion in Limine No. 1 Re: Damages Evidence [Docket No. 337] is DENIED;

(5) DHL's Motion in Limine No. 2 Re: Purported Misrepresentations to Plaintiff [Docket No. 310] is DENIED;

(6) DHL's Motion in Limine No. 3 Re: Hank Gibson's December 18, 2007 Email [Docket No. 332] is DENIED;

(7) DHL's Motion in Limine No. 4 Re: Parole Evidence [Docket No. 314] is GRANTED in part and DENIED in part. The court must find (or must have already found) that a contract provision is ambiguous before extrinsic evidence relating to the meaning of that contract provision is permitted;

(8) DHL's Motion in Limine No. 5 to Exclude Evidence of Litigation Reserves [Docket No. 316] is GRANTED in part and DENIED in part. No evidence pertaining to litigation reserves will be permitted at trial. The parties will attempt to confer about any other

---

[2] *See* Docket No. 385.

[3] *Id.*

privileged documents and will seek court rulings if necessary.

(9) DHL's Motion in Limine No. 6 Re: References to Other Resellers [Docket No. 318] is GRANTED in part and DENIED in part. Evidence of jury verdicts from other similar lawsuits against DHL will not be permitted, but a limited amount of evidence from other resellers will be permitted;

(10) DHL'S Motion in Limine No. 7 Re: Franchisee Damages [Docket No. 334] is DENIED;

(11) DHL's Motion in Limine No. 8 Re: Project Locust [Docket No. 320] is GRANTED;

(12) DHL's Motion in Limine No. 9 Re: Evidence of TRO or PI [Docket No. 322] is GRANTED in part and DENIED in part. The parties agree that evidence or argument about the court's findings of fact or conclusions of law from these motions for injunctive requests is not admissible. But to the extent DHL's motion sought exclusion of any evidence or argument broadly "relating" to these motions, as discussed by Unishippers in its opposition memoranda, the motion is denied;

(13) The Exclusionary Rule will apply at trial.

DATED this 5th day of July, 2011.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge