IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNISHIPPERS GLOBAL LOGISTICS, LLC, a Delaware Limited Liability Company,<br>　　　　　　　　Plaintiff,<br>vs.<br>DHL EXPRESS (USA), INC., an Ohio Corporation,<br>　　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:08CV894 DAK |

This matter is before the court on Plaintiff's Motion for Attorney Fees Award of Attorney's Fees and Costs of Litigation; DHL's Motion for Review of Taxable Costs; DHL's Motion for Judgment as a Matter of Law; DHL's Motion for a New Trial; and DHL's Motion to Stay Judgment. The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to local rule 7-1(f), the court has concluded that oral argument would not be helpful or necessary, and thus the court will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

I. **PLAINTIFF'S MOTION FOR ATTORNEY FEES AND NON-TAXABLE COSTS OF LITIGATION**

Pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, Plaintiff Unishippers seeks an award of the attorney fees and costs of litigation incurred in Unishippers' contractual dispute with defendant DHL. Unishippers is entitled to an award of its reasonable fees and costs incurred under Section 21.01 of the parties' 1994 National Account Agreement. That provision states as follows:

> In the event of any litigation or arbitration between the parties with respect to this Agreement, the prevailing party shall be entitled to recover, in addition to any damages or other relief to which it may be entitled, reasonable attorney's fees and costs of litigation or arbitration, as the court or tribunal may determine.

National Account Agreement, p. 12, § 21.01 (emphasis added). "In diversity cases, attorney fees are a substantive matter controlled by state law." *Combs v. Shelter Mut. Ins. Co*., 551 F.3d 991, 1001 (10th Cir. 2008) (internal quotes omitted).

In the instant case, Plaintiff seeks attorney fees in the amount of $1,389,193.00. Unishippers has also requested supplemental fees in the amount of $37,221.75 for the four post-trial motions that were filed after Unishippers' initial Motion for Fees.[1] Therefore, the total fees requested amount to $1,426,414.70, and, in the instant motion, Unishippers seeks non-taxable costs in the amount of $301,804.60, for a total amount of $1,728,219.30.

The law is well-settled that attorneys' fees and costs should be awarded if allowed by contract. *Foote v. Clark*, 962 P.2d 52, 54 (Utah 1998). "The trial court does not possess the same degree of equitable discretion to deny such fees as it has when applying a statute providing for a discretionary award." *United States for Use of C.J.C., Inc. v. Western States Mech. Contractors, Inc*., 834 F.2d 1533, 1549 (10th Cir. 1987) (quoting *General Elec. Credit Corp. v. Oil Screw Triton, VI*, 712 F.2d 991, 995 (5th Cir. 1983)).

The Utah Supreme Court has stated that "[w]hat is reasonable depends upon a number of factors, the amount in controversy, the extent of services rendered and other factors which the trial court is in an advantaged position to judge." *Wallace v. Build, Inc.,* 402 P.2d 699 (1965). Later, in *Trayner v. Cushing*, 688 P.2d 856 (Utah 1984), the Utah Supreme Court enlarged the

---

[1] *See* Docket No. 495. As discussed below, Unishippers later reduced its requested amount by $312.75.

list of potential factors by including "the relationship of the fee to the amount recovered, the novelty and difficulty of the issues involved, the overall result achieved and the necessity of initiating a lawsuit to vindicate the rights under the contract." *Id*. at 858 (internal citations omitted). Also, in *Cabrera v. Cottrell*, 694 P.2d 622 (Utah 1983), the Utah court provided guidance regarding the factors a court should consider in awarding attorney fees:

> the difficulty of the litigation, the efficiency of the attorneys in presenting the case, the reasonableness of the number of hours spent on the case, the fee customarily charged in the locality for similar services, the amount involved in the case and the result attained, and the expertise and experience of the attorneys involved.

*Id* at 625. However, hours spent on wasteful or duplicative activities or pertaining to unsuccessful theories or claims are excluded from the calculation. *Mahler v. Szucs*, 957 P.2d 632 (Wa. 1998).[2]

Here, Unishippers brought a complicated lawsuit against DHL. The case was litigated for over three years, beginning on November 18, 2008, and included numerous motion hearings and a 9-day trial. There is no dispute that Unishippers is the prevailing party on its contract claims against DHL and on DHL's counterclaims against Unishippers. The jury awarded Unishippers $30,403,865.00. The court finds that the attorneys were efficient in presenting the case, and the number of hours spent on the case was reasonable in light of the complexity and the enormity of the case. In addition, the fees charged were reasonable for Salt Lake City. The

---

[2] The parties have disputed whether Utah or Washington law applies to the parties' contract. The National Account Agreement was apparently negotiated in Washington and Utah, and signed in Washington—where DHL's predecessor-in-interest was domiciled and did business. The parties have cited primarily Utah law, but the laws of the two states are not inconsistent and the result would be the same under either state's law.

amount in controversy relative to the result obtained also justifies the majority of the fees requested.

The court will, however, slightly reduce the total amount of fees and nontaxable costs sought because it would be inequitable to award them.  DHL argues that Unishippers' Motion must be denied because it seeks recovery of attorneys' fees and costs for prosecuting unsuccessful claims and for pursuing claims wholly unrelated to the breach of contract claims at issue in this case.  For example, DHL claims, there are multiple entries relating to the prosecution of unsuccessful claims and amendment of the Unishippers' complaint to allege those claims, including Unishippers' fraud-based claims (which Unishippers ultimately withdrew because those claims were "likely preempted") and its claim for rescission of the Reseller Agreement (which was dismissed by this Court).  Unishippers also unsuccessfully moved for a Rule 54(b) certification of the Court's order dismissing Unishippers' rescission claim.  DHL's "sampling" of these disputed fees amounts to approximately $9,000, but the court recognizes that DHL presented merely a "sampling" of time entries on these issues.[3]

Having reviewed Unishippers' time entries, the court will reduce the fees sought in connection with these above-described items by a total of $8,000.  The court agrees that fees relating to the amendment of the Complaint to allege fraud-based claims and the motion for 54(b) certification should not be awarded.  The court, however, disagrees with DHL about fees related to the rescission claim because Unishippers was allowed to present evidence of DHL's misrepresentations and omissions regarding the October 2008 Reseller Agreement amendment at

---

[3] *See* Exhibit A to DHL's Opposition Memorandum, Docket No. 470.

trial, in defense to DHL's assertion that Unishippers' breach of contract damages under the National Account Agreement were limited by the 180-day termination provision contained the amendment. Unishippers ultimately demonstrated at trial that DHL had acted in bad faith with respect to the October 2008 Reseller Agreement amendment, and also that DHL was equitably estopped from using the 180-day termination provision to limit Unishippers' damages for DHL's breach of contract. Consequently, Unishippers ultimately prevailed on its assertions regarding DHL's misrepresentations and omissions, albeit under different legal theories than originally asserted. As a result, the court will not reduce those fees.

DHL also argues that fees incurred in connection with the motion to consolidate their action with the Gulf Coast case should be excluded. The court disagrees, though, because it was the *Gulf Coast* Plaintiffs–not Unishippers–who moved for consolidation.

Next, DHL contends that Unishippers' fees relating to work done in connection with other DHL cases to which Unishippers is not a party are not recoverable. The court finds that these fees were reasonably incurred by Unishippers in the preparation of its case and trial against DHL. Given that these other cases arose out of the same conduct with the same defendant, the claims, issues, evidence, witnesses, and documents in these other resellers cases were nearly the same as Unishippers' case against DHL. Recognizing that fact, this court denied DHL's motion to exclude testimony and documents from the other reseller cases, recognizing that they were relevant to this proceeding.

As a result of its communications with the other resellers' counsel, Unishippers was able to obtain numerous documents and deposition transcripts related to its claims against DHL. In

fact, Unishippers saved significant time and money by obtaining such materials from the other cases, rather than attempting to do everything on its own. Consequently, Unishippers' recoverable fees are actually less than they would be otherwise.  It was also appropriate for Unishippers to have an attorney to observe parts of the trials in the USS Logistics and Worldwide Express trials against DHL. First, both of these cases involved similar claims by other franchisor resellers against DHL.  Second, DHL's fact witnesses were the same in those cases as in the Unishippers case.   Third, DHL used the same expert witness, Dr. Greg Hallman, in the other two cases and trials.  Fourth, a Unishippers' employee, Mr. Joe Curtis, testified in the other two trials, as well as in the Unishippers case.  In light of the foregoing, it was appropriate for a Unishippers' attorney to observe the proceedings and represent its witness at those proceedings.

 DHL next argues that fees not adequately supported by the evidence are not recoverable. DHL has provided a "sampling" of such entries, totaling approximately $1,200.[4]  The Unishippers attorneys gave detailed descriptions on the vast majority of their time entries, all of which were created contemporaneously with the work being performed.   Unishippers has agreed to eliminate a few time entries, amounting to $312.75.  The court will reduce the award by $2,000, including the $312.75 agreed to by Unishippers, for vague time entries.   In addition, the court finds that some entries appear to reflect duplicative work, and thus the court will reduce the requested fees by $20,000

 Finally, DHL maintains that costs unrelated to prosecution of Unishippers' breach of contract claims in this case are not recoverable.   The court, however, disagrees, finding that

---

[4] *See* Exhibit D to DHL's Mem. in Opp'n, Docket No. 470..

these costs were reasonably incurred in prosecuting the claims.

In summary, the court concludes that the vast majority of the fees and non-taxable costs sought by Unishippers is reasonable. Overall, the court will reduce the fees by a total of $30,000, thereby awarding $1,698,219.30 in fees and non-taxable costs.

**II. DHL'S MOTION FOR REVIEW OF TAXABLE COSTS**

On September 22, 2011, the Clerk of Court entered an order taxing DHL with costs totaling $66,292.06. DHL did not object to those costs but now files a Motion for Review of Taxable Costs. Unishippers argues that DHL waived its objections to the cost award by failing to object to the bill of costs before they were taxed by the Clerk of Court. The Local Rule for the District of Utah provides that "[w]ithin fourteen (14) days after the entry of final judgment, the party entitled to recover costs must file a bill of costs . . . a memorandum of costs, and a verification of bill of costs under 28 U.S.C. § 1924 . . . DUCivR 54-2(a). The rule then states that

> [w]here a party objects to any item in a bill of costs, such objections must be set forth with any supporting affidavits and documentation and must be filed with the court and served on counsel of record of adverse parties within fourteen (14) days after filing and service of the bill of costs. The party requesting the costs may file a reply to specific objections within seven (7) days of service of the objections.

DUCivR 54-2(b). The Rule further provides that

> [w]here no objections are filed, the clerk will tax the costs and allow such items as are taxable under law. Where objections are filed, a hearing may be scheduled at the discretion of the clerk to review the bill of costs and the objections to it. Costs taxed by the clerk will be included in the judgment or decree.

DUCivR 54-2(c). Taxation of costs by the clerk is subject to review by the court where, under

Fed. R. Civ. P. 54(d), a motion for review is filed within seven (7) days of the entry on the docket of the clerk's action. DUCivR 54-2(d).

Some court have found that "[f]ailure to timely object to the prevailing party's bill of costs constitutes wavier of any objections." *Martin v. Daimler-Chrysler Corporation*, 251 F.3d 691, 695-96 (8th Cir. 2001); *LoSacco v. City of Middletown*, 71 F.3d 88 (2nd Cir 1995); *McGill v. Faulkner*, 18 F.3d 456 (7th Cir. 1994).

Other courts, however, have concluded that failure to comply with a district's local rules pertaining to objections to bills of cost does not constitute a waiver of objections when seeking judicial review of the taxation of costs. *See Owen v. Georgia-Pacific Corp.* 2005 WL 3542407, at *1 (D. Conn. Nov. 28, 2005) (finding that local rule regarding objecting to bill of costs does not condition review of the clerk's ruling on filing an objection before the clerk's ruling and local rule about review of the clerk's ruling does not limit review of the clerk's ruling to instances where an objection was filed.); *Howell v. NYC Leadership Academy, Inc.*, 2008 WL 5336891, at *3 (S.D.N.Y. Sept. 22, 2010).

In this case, while DHL did not comply with the process set forth in the local rules, the court exercises its discretion to consider DHL's Motion for Review of Taxation of Costs. DUCivR 54-2(b) does not specifically state that objecting to the bill of costs is a precondition to later judicial review, and DUCivR 54-2(d) does not limit review of the clerk's ruling to instances where an objection was previously filed.

In its motion, DHL correctly argues that "the burden is on the party seeking costs . . . to establish the amount of compensable costs and expenses to which it is entitled and assumes the

risk of failing to meet that burden." *Allison v. Bank One-Denver*, 289 F.3d 1223, 1249 (10th Cir. 2002). In particular, a party seeking costs "must establish their necessity for trial." *Id*. Failure to make the required showing warrants the denial of costs. *Id*.

DHL urges the court to deny the following costs: (1) unsupported photocopying charges dating back to 2008; (2) unnecessary daily and expedited transcript fees; and (3) costs associated with witnesses and deposition transcripts not reasonably necessary for trial. According to DHL, these charges do not have an adequate factual or legal basis and cannot support the taxation of costs against DHL under Rule 54(d)(1) of the Federal Rules of Civil Procedure.

**A. Photocopies**

Unishippers has asked for $35,893.44 in photocopying charges. DHL argues that Unishippers has not provided sufficient documentation in support of its request to tax photocopying charges to DHL, arguing that it is not clear they were all reasonably necessary to trial and not simply for the "convenience of counsel." In *Allison*, the Court of Appeals upheld the denial of photocopying costs despite the prevailing defendant's submission of a "voluminous amount of supporting documentation to establish that it incurred photocopying charges" because the defendant "failed to establish through that supporting documentation or other itemization that the charges were reasonably necessary for trial." *Allison v. Bank One-Denver*, 289 F.3d 1223, 1249 (10th Cir. 2002).

In rejecting the defendant's argument that further itemization would be "impossible" given the "magnitude" of the case, the Court emphasized that, even in a "complex case," litigants are tasked with "heavy administrative responsibilities," and there is "no reason to make

an exception to the general rule that a party seeking costs must establish their necessity for trial." *Id*.

Here, the court knows this was a document-intensive case, and thus the court will not refuse all photocopying costs. But Unishippers has not carried its burden to demonstrate that all requested photocopying costs were reasonably necessary for trial and not merely for the convenience of counsel. The court, therefore, will reduce the amount sought to be taxed by 50%, thereby awarding photocopying costs in the amount of $17,946.72.

**B. Expedited Trial Transcripts:**

DHL also argues that Unishippers has not carried its burden to demonstrate that daily trial transcription fees in the amount of $6,191.16 are taxable to DHL. "Under § 1920(2), to award this premium cost for daily production, the court must find that daily copy was necessarily obtained, as judged at the time of transcription."

According to the Tenth Circuit, "[t]he most direct evidence of "necessity" is the actual use of the materials obtained by counsel or by the court." *U.S. Industries, Inc. v Touche Ross & Co.*, 854 F. 2d 1223, 1246 (10th Cir. 1988). There were many objections made by the parties regarding exhibits and depositions, and the daily transcripts were necessary for Unishippers to properly review opening arguments and the prior witnesses' testimony. Also, given the history of this case, Unishippers undoubtedly anticipated a Motion for Judgment As a Matter of Law at the close of Unishippers' case, which was, indeed, filed by DHL. In light of the contentious nature of this litigation, the amount of money at stake, the number of witnesses and exhibits involved, the court finds that the trial transcripts were reasonably necessary to the preparation

and presentation of Unishippers' case, and it was proper to tax DHL with the $6,191.16 in costs incurred by Unishippers for the two weeks of daily trial transcripts.

## C. Costs of Deposition Transcripts Not Used at Trial

Unishippers may recover the cost of taking, transcribing, and copying depositions "necessarily obtained for use in the case." 28 U.S.C. § 1920(2) and (4)). According to DHL, Unishippers improperly seeks reimbursement of costs incurred in connection with the depositions of witnesses who did not appear at trial and whose testimony was not used at trial, including Tricia Pannier, Berk Clare, Ian Clough, and Ted Zeigler. The disputed costs total approximately $3,4000.

As DHL argues, Unishippers bears the burden of demonstrating that these depositions were reasonably necessary and not "purely investigative in nature," or "merely useful for discovery." *Echostar Satellite Corp. v. Advanced Microcommunications Corp.*, 902 F. Supp. 213, (D. Colo. 1995) (denying plaintiffs' request to tax deposition costs where depositions were taken for discovery and investigative purposes).

There is no requirement, however, that the deposition transcript be used at trial to qualify as a taxable cost. *See In re Kulicke & Soffa Industries, Inc. Securities Litigation*, 747 F. Supp. 1136, 1147 (E.D. Penn. 1990) ("Defendants will not be limited to recovery of costs for the deposition transcripts of individuals who testified at trial"). The court finds that these depositions transcripts were necessarily obtained for use in the case, and therefore the court will permit these costs.

## III. DHL'S MOTION FOR JUDGMENT AS A MATTER OF LAW

For all the reasons stated in the court's previous rulings and in Unishippers' Memorandum in Opposition to DHL's Renewed Motion for Judgment as a Matter of Law, the court finds no merit to DHL's arguments. Accordingly, DHL's Motion for Judgment As a Matter of Law is denied.[5]

## IV. DHL'S MOTION FOR A NEW TRIAL

For all the reasons stated in the court's previous rulings and in Unishippers' Memorandum in Opposition to DHL's Motion for a New Trial, the court finds no merit to DHL's arguments. Accordingly, DHL's Motion for a New Trial is denied

## V. DHL'S MOTION TO STAY EXECUTION OF JUDGMENT

DHl seeks a court order staying execution of the court's judgment during the pendency of the post-trial motions and any resulting appeal. Pursuant to the Court's Order dated August 31, 2011, DHL obtained a bond from Liberty Mutual Insurance Company in the amount of $30,537,789.00.

Unishippers states that it is not opposed, in principle, to a stay of execution of the August 8, 2011 Judgment in this case pending completion of DHL's post-trial motions and appeal. Unishippers argues, however, that it needs to be assured that DHL's Appeal Bond is sufficient to ensure that the stated amount will be immediately available for satisfaction of Unishippers'

---

[5] On July 27, 2011, the day on which Unishippers rested its case, DHL filed a Motion for Judgment As a Matter of Law. *See* Docket No. 434. The next day, July 28, 2011, Unishippers filed a response to DHL's motion and also filed its own Motion for Judgment As a Matter of Law. *See* Docket Nos. 439, 440, respectively. While the court did not explicitly rule on the motions, the court entered judgment on August 8, 2011, implicitly denying DHL's motion and rendering moot Unishippers' motion.

Judgment.

Having reviewed DHL's reply memorandum, in which it addresses Unishippers' concerns, the court if satisfied that DHl has posted a valid and binding supersedeas bond, and therefore, the court grants DHL's Motion for Stay of Execution of the Judgment.[6]

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that

(1) Plaintiff's Motion for Attorney Fees Award of Attorney's Fees and Costs of Litigation [Docket No. 454] is GRANTED in part and DENIED in part.  Unishippers is awarded $1,396,414.70 in attorney fees and $301,804.60 in non-taxable costs for a total of $1,698,219.30

(2) DHL's Motion for Review of Taxable Costs [Docket No. 485] is GRANTED in part and DENIED in part.   The court has reduced the costs taxable to DHL by $17,946.72 for a total of $48,345.34

(3) DHL's Motion for Judgment as a Matter of Law [Docket No. 466] is DENIED;

(4)  DHL's Motion for a New Trial [Docket No.  468] is DENIED; and

(5)  DHL's Motion to Stay Execution of the Judgment [Docket No. 471] is GRANTED. If DHL seeks to Stay Execution of the Amended Judgment, which will reflect attorney fees, nontaxable costs, and taxable costs, DHL will be required to file an additional bond.

(6) The Clerk of Court is directed to supplement the Judgment in this case by the above-listed amounts for attorney fees, nontaxable costs, and taxable costs, in a total amount of

---

[6] The Appeal Bond posted by DHL only covers the Judgment amount entered on August 8, 2011.  An increased or separate bond amount will be still required to stay execution for the fee and cost amounts awarded to Unishippers.

$1,746,564.64.

DATED this 21st day of of December, 2011.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge